140231.1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

NANCI KOSCHMAN, individually, and on
behalf of The Estate of David Koschman,

                      Plaintiffs,

    v.

The CITY OF CHICAGO, et al.,

                      Defendants.

No. 1:14-cv-02041
Judge Rebecca R. Pallmeyer

**DEFENDANT RICHARD J. VANECKO'S**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, RICHARD J. VANECKO, by his attorneys Mark M. Burden and DONOHUE

BROWN MATHEWSON & SMYTH LLC, respectfully moves this Court for entry of an order

dismissing all claims against this Defendant with prejudice pursuant to Federal Rule of Civil

Procedure 12(b)(6). In support thereof, this Defendant states as follows:

**FACTS**

On March 24, 2014, Plaintiff Nanci Koschman ("Plaintiff") filed her complaint against

Richard J. Vanecko ("Vanecko"), the City of Chicago, several Chicago Police officers, and

members of the Cook County State's Attorney's Office, among others. *See* Plaintiff's

Complaint attached hereto as Exhibit A.

Plaintiff's claims arise out of the death of her son, David Koschman ("Koschman"), in

2004. Plaintiff alleges that on April 25, 2004, Koschman and several friends were walking

westward along Division Street towards Wells Street in the Old Town neighborhood in

1

Chicago when they encountered Vanecko and three of his friends. Exhibit A, ¶¶ 34-35. According to Plaintiff, a verbal argument ensued and Vanecko allegedly punched Koschman causing Koschman to fall and strike his head on the pavement knocking him unconscious. Exhibit A, ¶¶ 32-39.

Plaintiff claims that following the blow, Koschman never regained consciousness. Exhibit A, ¶ 39. Plaintiff was hospitalized at Northwestern Memorial Hospital until his death on May 6, 2004. Exhibit A, ¶¶ 44, 53. Two days later, on May 8, 2004, the Medical Examiner performed an autopsy and classified Koschman's death a homicide. Exhibit A, ¶ 54.

Plaintiff's remaining factual allegations focus on the conduct of the co-defendants. Plaintiff alleges that after the Chicago Police Department learned that Vanecko was the nephew of then-Mayor Richard M. Daley, "the handling of the case . . . became an official cover-up." Exhibit A, ¶¶ 29, 50. During the subsequent investigation into Koschman's death in April and May 2004 and re-investigation in 2011, according to Plaintiff, the Chicago Police Department and Cook County State's Attorney's Office covered up, fabricated, and destroyed evidence in order to allow Vanecko to avoid any culpability for his crime. Exhibit A, ¶¶ 53-68, 69-77, 87-106, 110-21.

According to the complaint, just one month after the altercation on May 25, 2004, co-defendant Phil Cline, Superintendent of the Chicago Police Department, made a widely reported public statement identifying Vanecko as involved in the April 25, 2004 altercation and denied a basis for criminal charges against Vanecko. Exhibit A, ¶ 78. Plaintiff claims that State's Attorney's Office press secretary John Gorman made a similar public statement.

<u>Exhibit A</u>, ¶ 79. Plaintiff alleges that no further investigation into the case occurred for the next seven years, until 2011 when a re-investigation was performed. <u>Exhibit A</u>, ¶ 85, 86.

On December 14, 2011, Plaintiff, through her counsel, filed a petition to appoint a special prosecutor to investigate Koschman's death. <u>Exhibit A</u>, ¶ 130; *see also* Petition to Appoint a Special Prosecutor in the Matter of the Death of David Koschman, attached hereto as <u>Exhibit B</u>. In the petition, Plaintiff claims that Koschman was struck in the face by Vanecko. <u>Exhibit B</u>, ¶ 1. Plaintiff indicates in the petition that Vanecko's identity was ascertained as early as May 13, 2004, when one of Vanecko's companions present on April 25, 2004, provided police with Vanecko's name. <u>Exhibit B</u>, ¶¶ 2, 13. Plaintiff further states in the petition that police acknowledged that Vanecko had in fact punched Koschman during the re-investigation in February 2011. <u>Exhibit B</u>, ¶ 5.

Plaintiff does not allege that Vanecko conspired with the Chicago Police Department, Cook County State's Attorney's Office, and the other named individual defendants to insulate himself from potential culpability. Instead, Plaintiff expressly disclaims Vanecko's involvement in any alleged cover-up or conspiracy. <u>Exhibit A</u>, ¶¶ 74, 100 (indicating Vanecko gave no evidence or statement to the Chicago Police Department).

Of the nine causes of action pled, only three are directed towards Vanecko, each pled in the alternative to Plaintiff's § 1983 claim against co-defendants for conspiring to deprive Plaintiff of her right to access the courts to seek redress against Vanecko. *See* <u>Exhibit A</u>, Counts III-V. As to Vanecko, Plaintiff seeks to recover under the Illinois Wrongful Death Act, the Illinois Survival Statute, and for the intentional infliction of emotional distress Plaintiff

allegedly sustained as a result of Vanecko's conduct. All three counts seek an award of punitive damages.

All three causes of action against Vanecko must be dismissed as untimely under Illinois law. Plaintiff filed this lawsuit nearly ten years after Koschman's death, and the claims against Vanecko are barred by the statutes of limitations.

## ARGUMENT

I.  **The Applicable Statutes of Limitations Bar Plaintiff's State Law Wrongful Death Claim, Survival Action, and Intentional Infliction of Emotional Distress Claim.**

All three of Plaintiff's causes of action against Vanecko, although governed by different statute of limitation periods, are barred as untimely. This Court should dismiss a cause of action under Rule 12(b)(6) when it is clearly time-barred. *See Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005). A dismissal on this basis is appropriate where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008) (quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)).

It is well-settled that when exercising supplemental jurisdiction over state law claims, the district court shall apply state substantive law and federal procedural law. *See Timmerman v. Modern Indus., Inc.*, 960 F.2d 692, 696 (7th Cir. 1992). Statutes of limitations are considered substantive matters and, therefore, Illinois' statutes of limitations should be applied to this case. *See Hollander v. Brown*, 457 F.3d 688, 692 (7th Cir. 2006).

A.   **A Plain Reading of Plaintiff's Complaint Demonstrates That All of Her Claims Against Vanecko Are Untimely and Therefore Barred by the Applicable Statutes of Limitations.**

The Illinois Wrongful Death Act provides that any action brought under it "shall be commenced within 2 years after the death of such person . . . ." 740 ILCS 180/2(c). Koschman died on May 6, 2004. According to the plain language of the statute, Plaintiff must have filed her wrongful death action against Vanecko on or before May 6, 2006.

Section 13-209(a) of the Illinois Code of Civil Procedure provides that a survival cause of action may be commenced by a deceased's personal representative within one year of the person's death or before the expiration of the statute of limitations for the cause of action the person would have been entitled to bring had he not died, whichever is later. 735 ICLS 5/13-209(a). Koschman would have been entitled to bring a suit for personal injury against Vanecko for the events that occurred on April 25, 2004, which would have been subject to a two year statute of limitations. *See* 735 ILCS 5/13-202. At the latest, Plaintiff had until April 25, 2006, to file a survival action.

Plaintiff's claim for intentional infliction of emotional distress is subject to a two year statute of limitations for personal injury. 735 ILCS 5/13-202; *see also Feltmeier v. Feltmeier*, 207 Ill. 2d 263, 278 (2003) (holding that intentional infliction of emotional distress is a form of personal injury subject to a two year statute of limitations). Accordingly, Plaintiff also had until April 25, 2006, to bring her intentional infliction of emotional distress claim.

5

Plaintiff did not file her complaint until March 24, 2014, almost ten years after Koschman's death. Accordingly, all of Plaintiff's claims against Vanecko are time-barred and must be dismissed with prejudice.

> **B.**      **The Discovery Rule Does Not Operate to Toll the Running of the Statutes of Limitations for Plaintiff's Claims.**

Conspicuously absent from Plaintiff's complaint are any allegations to invoke the discovery rule. This is understandable because in light of the allegations Plaintiff does make, she can plead no set of facts that would trigger the discovery rule to toll the statute of limitations. The effect of the discovery rule is to "postpone the commencement of the relevant statute of limitations until the injured plaintiff knows or reasonably should know that he has been injured and that his injury was wrongfully caused." *Golla v. Gen. Motors Corp.*, 167 Ill. 2d 353, 360-61 (1995). Illinois courts have repeatedly held that "where the plaintiff's injuries are caused by a sudden traumatic event, the plaintiff's cause of action accrues when the injury occurred." *Id.* at 361; *see also Berry v. G.D. Searle & Co.*, 56 Ill. 2d 548, 558-59 (1974); *Lowe v. Ford Motor Co.*, 313 Ill. App. 3d 418, 420 (Ill. App. Ct. 2000); *Alioto v. Marshall Field's & Co.*, 77 F.3d 934, 937 (7th Cir. 1996). A sudden and traumatic event is one "that, because of its force or violence, permits the law to presume that the event immediately placed the plaintiff on notice of her injury and a right of action." *Hollander v. Brown*, 457 F.3d 688, 692 (7th Cir. 2006) (citing *Golla*, 167 Ill. 2d at 363). The court may resolve the question of whether a plaintiff has timely filed her complaint within the time allowed by the discovery rule as a matter of law when the answer is clear from the pleadings. *Clay v. Kuhl*, 189 Ill. 2d 603, 609-10 (2000).

In *Hollander*, the Seventh Circuit applied Illinois law to hold that sexual assault was a sudden and traumatic event such that plaintiff's cause of action began to accrue at the time of the sexual assault and not 15 years later when a physician informed her that the assault caused her medical condition. *Hollander*, 457 F.3d at 692-93. Vanecko's alleged assault on Koschman was a sudden and traumatic event that put Plaintiff on notice of the injury and that the injury was wrongfully caused on April 25, 2004. At the very latest, Plaintiff had notice on May 8, 2004, when the Medical Examiner conducted an autopsy and classified Koschman's death as a homicide.

Furthermore, knowledge of the identity of the tortfeasor is irrelevant to a discovery rule analysis. The discovery rule tolls the statute of limitations only when two elements are fulfilled: (1) the plaintiff does not know or reasonably should not know she has been injured; and (2) the plaintiff does not know or reasonably should not know that the injury was wrongfully caused. *See Clay*, 189 Ill. 2d at 608. The rationale behind the two elements of the discovery rule is that once the party knows of her injury and that it was wrongfully caused, she is on notice and "the burden is upon the person to inquire further as to the existence of a cause of action." *Wells v. Travis*, 284 Ill. App. 3d 282, 287 (Ill. App. Ct. 1996). Thus, "[k]nowledge that an injury has been wrongfully caused does not mean knowledge of a specific defendant's negligent conduct." *Id.*; *see also McCormick v. Uppuluri*, 250 Ill. App. 3d 386, 391 (Ill. App. Ct. 1993).

Here, the altercation between Vanecko and Koschman was of such a nature to have put Plaintiff on notice that actionable conduct was involved, giving Plaintiff two years from April 25, 2004 to investigate her cause of action. Even if the sudden and traumatic

7

hospitalization and death of her son was insufficient to put Plaintiff on notice, the widely reported public statements of Superintendent Phil Cline and John Gorman certainly placed Plaintiff on inquiry as to her cause of action. According to Plaintiff's own allegations, on May 25, 2004, Superintendent Cline identified Vanecko as involved in the altercation, and Gorman made a similar public statement declining to bring criminal charges against Vanecko. Exhibit A, ¶¶ 78-79.

Notwithstanding the fact that Plaintiff has known or reasonably should have known that her alleged injuries were wrongfully caused for nearly ten years, at the very least, Plaintiff has demonstrated that she knew of her potential claims against Vanecko when she retained counsel and petitioned for the appointment of a special prosecutor to investigate into her son's death in December 2011. *See Hoffman v. Orthopedic Sys., Inc.*, 327 Ill. App. 3d 1004, 1010 (Ill. App. Ct. 2002) (holding plaintiff was on notice that her injury was wrongfully caused when she retained counsel, thereby commencing the limitations period within which to file her cause of action). In fact, Plaintiff concedes in her petition that she knew Vanecko was the person who punched Koschman, expressly requesting the court to appoint a special prosecutor to investigate whether Vanecko should be criminally charged for Koschman's death. Exhibit B, ¶¶ 1-9.[1] Even if the discovery rule tolled the statutes of

---

[1] Defendant Vanecko recognizes that a motion brought under Rule 12(b)(6) will ordinarily be treated as one for summary judgment in the event matters outside of the pleadings are presented. *See* Fed. R. Civ. P. 12(d). The Seventh Circuit has held that a court may nevertheless take judicial notice of public court documents when deciding a Rule 12(b)(6) motion without converting the motion into one for summary judgment. *Ennenga v. Starns*, 677 F.3d 766, 773-74 (7th Cir. 2012); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir.

limitations on her claims, her claims began to accrue when she petitioned for the appointment of a special prosecutor in December 2011. Therefore, at the very latest, Plaintiff had until December 2013 to file her claims against Vanecko, even with a far-reaching application of the discovery rule. Accordingly, Plaintiff's causes of action against Vanecko are time-barred.

## II. Illinois Law Precludes Plaintiff From Seeking Punitive Damages Under the Wrongful Death Act and Survival Act.

Plaintiff's prayers for punitive damages must be stricken because Illinois law does not permit a plaintiff to recover punitive damages pursuant to the Wrongful Death Act and Survival Act. It is well established that Illinois law does not allow for punitive damages under the Survival Act or the Wrongful Death Act. *Mattyasovszky v. West Towns Bus Co.*, 61 Ill. 2d 31, 33 (1975); *Ballweg v. Springfield*, 114 Ill. 2d 107, 117 (1986); *see also Winter v. Schneider Tank Lines*, 107 Ill. App. 3d 767, 769 (Ill. App. Ct. 1982) (providing a list of cases so holding). Recovery under both the Survival Act and the Wrongful Death Act is limited to compensatory damages in personal injury cases. *Mattyasovsky*, 61 Ill. 2d at 35; *Kleinwort Benson N. Am., Inc. v Quantum Financial Servs. Inc.*, 181 Ill. 2d 214, 221 (1998). Punitive damages are not compensatory in that they are "awarded primarily to punish the offender and to discourage other offenses." *Mattyasovsky*, 61 Ill. 2d at 35. As Illinois law does not authorize recovery of punitive damages under the Wrongful Death Act or Survival Act, Plaintiff's punitive damages requests should be stricken.

---

1994). Because Plaintiff's petition to appoint a special prosecutor is a matter of public record, this Court may consider it in determining Vanecko's motion to dismiss.

## CONCLUSION

WHEREFORE, Defendant, RICHARD J. VANECKO, respectfully requests that this Honorable Court enter an order dismissing Counts III, IV, and V against Defendant RICHARD J. VANECKO with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). This Defendant prays for this relief as well as any other relief this Court deems just and equitable under the circumstances.

Respectfully submitted,

DONOHUE BROWN MATHEWSON & SMYTH LLC

/s/    Mark M. Burden
Mark M. Burden (ARDC# 06210559)
140 South Dearborn Street, Suite 800
Chicago, IL 60603
Telephone:    (312) 422-0900
Facsimile:    (312) 422-0909
Email:    mark.burden@dbmslaw.com

10

## NOTICE OF FILING AND CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2014, I electronically filed Defendant Robert J. Vanecko's Motion to Dismiss Plaintiff's Complaint with the Clerk of the United States District Court for the Northern District of Illinois using the CM/ECF system, which provided electronic service of such filing to the counsel of record set forth below.

s/ Mark M. Burden

Mark M. Burden (ARDC# 06210559)
DONOHUE BROWN MATHEWSON & SMYTH LLC
140 South Dearborn Street, Suite 800
Chicago, Illinois 60603
Telephone:    (312) 422-0900
Facsimile:    (312) 422-0909
*mark.burden@dbmslaw.com*

ATTORNEYS OF RECORD

Locke E. Bowman, III
MacArthur Justice Center
Northwestern University School of Law
357 East Chicago Avenue
Chicago, IL 60611
Email: l-bowman@law.northwestern.edu

G. Flint Taylor, Jr.
People's Law Offices
1180 North Milwaukee Avenue
Chicago, IL 60622
Email: flint.taylor10@gmail.com

Jonathan Clark Green
City of Chicago Law Department
30 North LaSalle Street
Suite 900
Chicago, Illinois 60602
jonathangreen@cityofchicago.org;
LW09439@cityofchicago.org

George John Yamin, Jr.
Special Litigation Unit
City of Chicago Law Department
30 North LaSalle Street
Suite 1720
Chicago, Illinois 60602
gyamin@cityofchicago.org