**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | | |
|---|---|---|---|
| NANCI KOSCHMAN, | ) | | |
| Plaintiff(s), | ) | | |
| | ) | 14 C 2041 | |
| vs. | ) | Honorable Judge | |
| | ) | Rebecca Pallmeyer | |
| CITY OF CHICAGO, et al., | ) | | |
| Defendant(s). | ) | | |

### MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants, Cook County State's Attorney Anita Alvarez, former Cook County State's Attorney Richard Devine and SAO Chief of Staff Daniel Kirk (collectively, the "SAO Defendants") and Cook County, by their attorney, Anita Alvarez, State's Attorney of Cook County, through Daniel F. Gallagher, Donald J. Pechous, Lisa M. Meador, Thomas E. Nowinski, and Michael J. Pasquinelli, Assistant State's Attorneys, hereby respectfully move to dismiss Plaintiff's Complaint pursuant to Rules 12 (b)(1) and Rule 12 (b)(6) of the Federal Rules of Civil Procedure.  In support thereof, Defendants state as follows:

### INTRODUCTION

On March 24, 2014, Plaintiff filed a nine-count Complaint against numerous Defendants. With regard to the SAO Defendants, Plaintiff attempts to allege three causes of action. Count I alleges that the SAO Defendants deprived Plaintiff of her right of access to the courts in violation of 42 U.S.C. § 1983.  Count VI alleges a state law tort of intentional infliction of emotional distress and Count VII alleges a state law tort of conspiracy to inflict severe emotional distress.  Plaintiff cannot sustain her claims against the SAO Defendants because the Complaint fails to state a cause of action upon which relief can be granted, the statute of limitations bars her claims, and various privileges and immunities prohibit her claims. Further, Plaintiff's Complaint against Cook County

fails as a matter of law. As such, Plaintiff's Complaint is deficient and should be dismissed.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) should be granted if the challenged pleading fails to state a claim upon which relief can be granted. *Corcoran v. Chicago Park District*, 875 F.2d 609, 611 (7th Cir. 1989). Such a motion tests the sufficiency of the complaint, not the merits of the suit. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Thus, in order to survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009)(*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (*citing Twombly*, 550 U.S. at 556). In its attempt to draw such an inference, the court will construe the complaint in a light favorable to the plaintiff and the court must accept all material facts alleged in the complaint as true. *Jackson v. E.J. Branch Corp*., 176 F.3d 971, 978 (7th Cir. 1999). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Iqbal* 556 U.S. at 678. "Nor does a complaint suffice if it tenders 'naked assertion[s] devoid of further factual enhancement." *Id*.

Our Supreme Court in *Iqbal* has set forth a two prong inquiry when reviewing 12(b)(6) dismissals. First, pleadings consisting of conclusory allegations are not accepted as true when reviewing the complaint's sufficiency. This includes conclusory statements "couched" as factual allegations, and recitations of the elements. Second, after excising the conclusory allegations from the complaint, any well-pled factual allegations are accepted as true and then the Court

must determine whether the remaining well-pled facts "plausibly give rise to an entitlement of relief." *Id*. at 679.

In addition, "litigants may [also] plead themselves out of court by alleging facts that may establish defendants' entitlement to prevail," *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998), and a court is not required to ignore facts set forth in the complaint that undermine the plaintiff's claims. *Scott v. O'Grady*, 975 F. 2d 366, 368 (7th Cir. 1992).

Further, under 12(b)(1), a court must dismiss the case without ever reaching the merits if it concludes that it has no subject matter jurisdiction. *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993) *citing Shockley v. Jones,* 823 F.2d 1068, 1070 n.1 (7th Cir. 1987). This Court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether subject matter jurisdiction exists. *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993).

## I.     PLAINTIFF'S CLAIMS FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted because 1) the § 1983 claim fails to allege any action on the part of the SAO Defendants that could constitute a constitutional deprivation, 2) Plaintiff has not properly stated a claim for denial of access to the courts, 3) the Complaint fails to sufficiently plead any state law tort claim and 4) Plaintiff's Complaint against Cook County fail as a matter of law. As such, Plaintiff's Complaint is deficient and must be dismissed.

### A.     Plaintiff's § 1983 Claim Fails To Allege Any Action That Could Constitute A Constitutional Deprivation

Plaintiff's claims against the SAO  Defendants must be dismissed because they rely almost exclusively on conclusory allegations, boilerplate language and recitations of the

3

elements, all of which were found insufficient in *Ashroft v. Iqbal*, 556 U.S. 662 (2009). To state

a claim for relief under § 1983, the plaintiff must allege (1) "a deprivation of a right secured by

the Constitution or laws of the United States" and (2), the "constitutional deprivation must be

caused by an action taken under color of state law." *Hernandez v. City of Goshen, Indiana*, 324

F. 3d 535, 537 (7th Cir. 2003)(citing *Baker v. McCollan*, 443 U.S. 137, 140 (1979)). Section

1983 "protects plaintiffs from constitutional violations, not violations of state laws

or…departmental regulations and police practices." *Scott v. Edinburg*, 346 F. 3d 752, 760 (7th

Cir. 2003). Accordingly, the initial step in any § 1983 analysis is to identify the specific

constitutional right which was allegedly violated. *Albright v. Oliver,* 510 U.S. 266, 271 (1994).

   Here, Plaintiff has failed to establish or identify actions of the SAO Defendants that

violated any specific constitutional right of the Plaintiff. The allegations against the SAO

Defendants, when stripped of conclusory language, are based solely on the allegations that the

State's Attorney of Cook County (be it State's Attorney Devine in 2004 or State's Attorney

Alvarez in 2011) refused to bring criminal charges against Defendant Vanecko and made

statements to the media regarding that decision. (Plaintiff's Complaint ¶¶ 77, 114, 115, 118, 119)

(all further citations to the Complaint shall be identified by "¶__").  In order for these allegations

to provide a basis for a constitutional tort, it would be necessary for Plaintiff to demonstrate a

right, owed to her specifically, requiring the State's Attorney to bring criminal charges against

Defendant Vanecko.  That is simply not the law, either of Illinois or pursuant to the U. S.

Constitution.

   Under Illinois law, it "is a familiar and firmly established principle that the State's

Attorney, as a member of the executive branch of government, is vested with exclusive

discretion in the initiation and management of a criminal prosecution…That discretion includes

the decision whether to prosecute at all, as well as to choose which of several charges shall be brought." *People ex rel. Daley v. Moran*, 94 Ill. 2d 41, 45-46 (1983)(citations omitted). Likewise, the U.S. Supreme Court's holding in *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 769 (2005), clearly establishes that Plaintiff does not have a constitutionally protected right to police services or a criminal prosecution. In *Town of Castle Rock*, the Supreme Court ruled that the Constitution does not guarantee the right to have someone criminally prosecuted. Specifically, the Supreme Court held:

> [T]he benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its "substantive" manifestations. This result reflects our continuing reluctance to treat the Fourteenth Amendment as 'a font of tort law[.]

545 U.S. at 768-69. "Victims of crime cannot compel prosecution of offenders or collect damages from passive prosecutors." *Buckley v. Fitzsimmons*, 919 F.2d 1230, 1240 (7th Cir. 1990) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614 (1973)(holding that private citizens lack any cognizable interest in the prosecution or non-prosecution of another). Thus, since the Constitution does not guarantee the right to a criminal prosecution, Plaintiff has failed to establish the existence of a constitutional right, let alone the deprivation thereof. Accordingly, Plaintiff's constitutional claims against the SAO Defendants should be dismissed.

### B.    Plaintiff Has Not Properly Stated A Claim For Denial Of Access To The Courts

Plaintiff claims that the SAO Defendants denied her access to the courts by failing to file charges against Defendant Vanecko and making false statements to the media so that she was prohibited from filing a claim in civil court regarding her son's death. To sufficiently plead a cause of action for denial of access to the courts, Plaintiff must give the defendant "fair notice" of the access claim, including the identification of the underlying claim that was lost; a

5

description of the official acts frustrating the litigation; and the identification of a remedy that

may be awarded as recompense but not otherwise available in some suit that may yet be brought.

*Christopher v. Harbury*, 536 U.S. 403, 415-416 (2002).

Plaintiff does not allege that the SAO Defendants prevented her from learning about her

son's death or about the altercation between her son and Vanecko that occurred on April 25,

2004.  (¶¶, 32-36.) Moreover, Plaintiff does not allege that the SAO Defendants prevented her

from filing a state law wrongful death or battery action within the applicable two year statute of

limitations. To be sure, Plaintiff claims that if the SAO Defendants would have charged

Defendant Vanecko with a crime and if he would have pled guilty or would have been convicted

by a judge or jury, that Plaintiff would have filed a timely cause of action for battery and

wrongful death. (¶¶144, 145) However, there is no causal link between these conditions

precedent and her ability to file suit. All that Plaintiff has alleged is that the SAO Defendants,

within their prosecutorial discretion, declined to bring criminal charges against Vanecko or made

false statements relevant to their declination.  This certainly does not constitute depriving

Plaintiff of access to the civil courts. Accordingly, Plaintiff's claim must be dismissed.

### C.     <u>Plaintiff's Fails to Sufficiently Plead State Law Tort Claims</u>

In Counts VI and VII, Plaintiff seeks to plead a state law tort claim accusing the SAO

Defendants of intentional infliction of emotional distress ("IIED") and conspiracy to inflict

severe emotional distress. These claims fail to allege cognizable claims against the SAO

Defendants.

As an initial matter, Plaintiff's allegations do not satisfy the plausibility standard in *Iqbal*

and *Twombly* and their progeny. As discussed above, a complaint "must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *United*

*Food & Commercial Worker Unions & Employers Midwest Health Benefits Fund v. Walgreen Co.*, 719 F.3d 849, 853 (7th Cir. 2013), *citing Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *See also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (holding that the pleader bears responsibility to "state a claim to relief that is plausible on its face"); and *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (noting that under *Iqbal* and *Twombly*, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together. In other words, the court will ask itself *could* these things have happened, not *did* they happen").

Further, Plaintiff's claims for IIED and conspiracy against the SAO Defendants appear to rest on seven unspecific sets of allegations directed to all of the defendants in ¶¶173 and 177 of the Complaint. Plaintiff's allegations do not state causes of action for IIED and conspiracy against the SAO Defendants. In ¶¶173 and 177, Plaintiff alleges that all defendants, including the SAO Defendants:

- Gave false public statements about the death of David Koschman and any possible criminal charges that could be brought in connection with his death;

- Gave false and incomplete statements and/or testimony to investigators, before the special grand jury, and in official reports;

- Deciding not to charge and prosecute Richard J. Vanecko and his companions in 2004 and 2011;

- Manufacturing, altering, suppressing or otherwise fabricating false and misleading evidence that portrayed Koschman as the aggressor in his altercation with Vanecko;

- Removing and destroying evidence that inculpated Vanecko;

- Conducting sham investigations; and

- Exercising undue influence over the investigations and the decisions made therein.

(¶¶173 and 177).

The allegations in these two paragraphs are insufficient as they lack reference to time, place, specifics or individual actors. Plaintiff advances seven compound allegations at a possible

total of 33 defendants without offering any delineations as to who did what. Plaintiff has not

offered enough details for this Court to "ask itself *could* these things have happened."

*Swanson*, 614 F.3d at 404. As such, the state law claims against the SAO Defendants should be

dismissed.

      D.      <u>Plaintiff's Complaint Against Cook County Fails As A Matter Of Law</u>

Plaintiff's does not direct any liability to Cook County, yet names Cook County in the

caption and the "Parties" section. Specifically, Counts I, VI, and VII are directed against the

individual defendants, Counts II, VIII and IX are *Monell, respondeat superior* and

indemnification claims directed solely against the City of Chicago, and Counts III, IV, and V are

directed against Defendant Vanecko. As such, Cook County should be dismissed as a party to

Plaintiff's complaint.

Assuming *arguendo*, that Plaintiff has brought a claim against Cook County pursuant to

*Monell* or *respondeat superior*, such claims must fail as a matter of law. Whether a particular

official is the legal equivalent of the State itself is a question of that State's law. *Garcia v. City

of Chicago*, 24 F.3d 966, 969 (7th Cir. 1994). Illinois State's Attorneys are independently

elected. Ill. Const. art. 6, § 19. Moreover, State's Attorneys are "state, rather than county,

officials." *Ingemunson v. Hedges*, 133 Ill. 2d 364, 549 N.E.2d 1269, 1272, (Ill. 1990).

In *Biggerstaff v. Moran*, 284 Ill.App.3d 196 (1st Dist. 1996), following *Moy v. County of

Cook*, 159 Ill.2d 519 (Ill. 1994), the court held that Cook County was not the employer of the

State's Attorney's Office and not liable for the alleged conduct of Assistant State's Attorneys

under the *respondeat superior* doctrine, because the State's Attorney is a state officer whose

office was created under the judiciary article of the Illinois constitution. Courts of this District

have similarly held that the County is insulated "against any Section 1983 liability for actions

taken by Assistant State's Attorneys -- staffers who act solely under the supervision and control of the Cook County State's Attorney." *Houston v. Cook County*, 758 F.Supp. 1225, 1226-27 (N.D. Ill. 1990, Shadur, J.), citing *Stokes v. City of Chicago*, 660 F.Supp. 1459, 1462-63 (N.D. Ill. 1987, Bua, J.). Accordingly, any claims against Cook County fail as a matter of law and must be dismissed.

## II.     THE STATUTE OF LIMITATIONS BARS PLAINTIFF'S CLAIMS

### A.     Plaintiff's § 1983 Claim For Denial Of Access To The Courts Is Barred By The Statute Of Limitations

Plaintiff's claim for denial of access to the court is untimely and barred by the statute of limitations. The time limit for bringing an action under § 1983 is governed by state law and is drawn from the limitation period provided by the forum state's personal injury statute. *Wilson v. Garcia*, 471 U.S. 261, 279 (1985). The statute of limitations for § 1983 actions in Illinois is two years. *Dixon v. Chrans*, 986 F.2d 201, 203 (7th Cir. 1993). Accordingly, Plaintiff was required to file her claim within two years of when that cause of action accrued. Civil rights claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated. *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1991).

Plaintiff claims that she was denied access to the court when she was unable to timely pursue a civil action for battery or wrongful death because Defendants covered up and concealed the fact that Defendant Vanecko was legally responsible for the death of her son. (¶¶ 144, 145). Plaintiff's denial of access claim accrued when she knew or reasonably should have known that the facts or circumstances surrounding her son's death were allegedly being covered up by Defendants.

A review of Plaintiff's Complaint clearly reveals that any possible claim for denial of access to the court against Devine accrued on May 20, 2004 when Plaintiff alleges that he

approved or ratified Defendant O'Brien's decision not to charge Defendant Vanecko; and against Alvarez and Kirk on March 3, 2011, when Plaintiff alleges that they instructed Defendant O'Brien to make false statements to the Chicago Sun-Times. (¶¶ 77, 115, and 116). Therefore, the statute of limitations on Plaintiff's claim under § 1983 against Devine ran on May 20, 2006 and against Alvarez and Kirk ran on March 3, 2013. Accordingly, her § 1983 claim against the SAO Defendants is barred by the statute of limitations and must be dismissed with prejudice.

      **B.**     **Plaintiff's State Law Claims Are Barred By The Statute Of Limitations**

Also, Plaintiff's claims of intentional infliction of emotional distress ("IIED") and conspiracy to inflict severe emotional distress are both barred by the statute of limitations. In Illinois, the applicable statute of limitations for an IIED claim is two years. 735 ILCS 5/13-202 (2014). Plaintiff filed the instant action on March 24, 2014. However, each and every allegation against the SAO Defendants occurred prior to March 24, 2012, the latest possible date for Plaintiff's state law claims to be timely. The last alleged act of Devine occurred in late May, 2004 when Plaintiff alleges that a spokesman, speaking at Devine's direction, made a public statement that no charges would be brought against Defendant Vanecko. (¶79). The latest alleged act of Alvarez and Kirk occurred on March 30, 2011 when Alvarez allegedly caused Kirk to block the attempt of an investigation by the Cook County Inspector General into the State's Attorneys' handling of the Koschman case. (¶121). Plaintiff's instant Complaint filed on March 24, 2014 is well beyond the two-year statute of limitations for the state law claims and must be dismissed with prejudice.

**III.**     **VARIOUS PRIVILEGES AND IMMUNITIES PROHIBIT PLAINTIFF'S CLAIMS AGAINST THE SAO DEFENDANTS**

Plaintiff bases her § 1983 and state law claims upon an allegation that the SAO Defendants failed to file criminal charges against Defendant Vanecko and their public comments

10

suggesting that they lacked sufficient facts upon which to base such criminal charges. However, Plaintiff's claims fail because 1) a prosecutor's decision not to file criminal charges is entitled to absolute prosecutorial immunity; 2) their public comments regarding sufficiency of evidence are entitled to absolute prosecutorial privilege; and 3) this Court lacks subject matter jurisdiction over Plaintiff's state law claims as they are barred under sovereign immunity.

A.    **Absolute Prosecutorial Immunity Bars Plaintiff's Claims**

It is well-established that a state's attorney's decision to prosecute, or not prosecute, a case is entitled to absolute immunity. The United States Supreme Court has held that a prosecutor is immune from a civil suit for his or her actions in initiating and presenting the State's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). The degree of immunity applicable to that prosecutor depends upon his or her activity in a particular case, and actions that are judicial or quasi-judicial in nature entitle the state's attorney to absolute immunity from suit. *Spiegel v. Rabinovitz*, 121 F. 3d 251, 257-8 (7th Cir. 1997). Specifically, "an assistant state's attorney's determination whether charges should be brought is a quasi-judicial decision, entitled to absolute immunity." *Id*. In *Anderson v. Simon*, the Seventh Circuit held that a prosecutor's decision to decline bringing criminal charges "given the evidence at his disposal is a prosecutorial decision" and, thus, a decision for which a prosecutor enjoys absolute immunity from suit.  *Anderson v. Simon*, 217 F.3d 472, 475 (7th Cir. 2000)

In the instant case, Plaintiff seeks to hold the SAO Defendants liable for their decision not to file criminal charges against Vanecko. The SAO Defendants are absolutely immune from suit based upon such allegations. As such, Plaintiff's § 1983 and state law claims are barred and should be dismissed with prejudice.

### B.    Absolute Prosecutorial Privilege Bars Plaintiff's Claims

Plaintiff alleges that the SAO Defendants should be held liable for making "numerous false public statements about the David Koschman case." (¶¶173, 177). Plaintiff alleges that Alvarez made false statements about this matter and that she and Kirk instructed Defendant O'Brien to "further a false narrative against David Koschman." (¶¶113, 114, 115, 116, 118 and 119.) The SAO Defendants note that Plaintiff does not cite to any alleged statements personally made by Devine. Specifically, plaintiff contends:

- "Alvarez told the *Sun-Times* that 'at this time we are unaware of any new evidence that would enable us to bring charges, and therefore we could not bring the case to the grand jury." (¶118);

- Alvarez stated that the State's Attorney's Office "did not 'believe we have a good faith and legal basis to bring charges,' and that it would be 'unethical' for her office to do so." (¶119);

- "on instructions from defendants Alvarez and Kirk, defendant O'Brien furthered the false narrative against David Koschman, telling the *Chicago Sun-Times* that he could not identify who pushed or shoved David Koschman, and that all witnesses had told him that Koschman was the 'aggressor' in the incident," (¶115);

- "an SAO spokesman, speaking on Devine's behalf, told the *Chicago Tribune* that the SAO had concluded that no charges should be filed in the case," (¶ 77);

- "Kirk falsely stated to the *Chicago Tribune* that 'there was no admissible evidence that could have been used to file charges.'" (¶133);

- "Alvarez falsely stated that the SAO's own grand jury had been looking into the case 'for almost close to a year.'" (¶134).

These statements are comments which arose from the performance of the SAO Defendants' duties related to the state's prosecution of Koschman's death, and as such are protected by absolute executive privilege. Prosecutors in the Cook County State's Attorney's Office "have an absolute privilege to comment on issues within the scope of their employment." *Patterson v. Burge, et al.* 328 F. Supp. 2d 878, 901-2 (N.D. Ill. 2004)(plaintiff's claim against

the Cook County State's Attorney and an Assistant State's Attorney are not actionable because their statements are protected by prosecutorial privilege) *citing Ware v. Carey*, 75 Ill. App. 3d 906, 913 (finding the State's Attorney immune for any "comments 'arising from the performance of his duties'"). Further, "commenting to the public on criminal cases is within the scope of…employment" of the State's Attorney since he or she "is the 'leader of law enforcement in the community." *Carey*, 75 Ill. App. 3d at 902.

In the instant case, Plaintiff alleges that State's Attorney Alvarez made false statements relating to possible criminal charges that could be brought for the death of David Koschman. In making statements to the public about this matter, the SAO Defendants fulfilled their duty to inform and educate the public on the decision whether or not to file criminal charges in a particular case. Such comments relate to the official duties of the SAO. Each and every comment alleged relates solely to issues within the scope of the SAO Defendants' employment, for which they are absolutely immune from civil action. Therefore, plaintiff's claims against the SAO Defendants must be dismissed.

**C.      Sovereign Immunity Bars Plaintiff's State Law Claims in Counts VI and VII**

Defendants are immune from Plaintiff's state law claims of IIED and conspiracy because of the doctrine of sovereign immunity. State's attorneys are independently elected state, not county, officials. *See Horstman v. County of DuPage*, 284 F.Supp.2d 1125, 1130-31 (N.D. Ill. 2003), relying on *Ingemunson v. Hedges*, 133 Ill.2d 364, 549 N.E.2d 1269 (Ill. 1990). Likewise, all assistant state's attorneys are state officials. *McGrath v. Gillis*, 44 F.3d 567 (7th Cir. 1995). The County is not the employer of the State's Attorney or her Assistant State's Attorneys. *See Biggerstaff v. Moran*, 284 Ill. App. 3d 196 (1st Dist. 1996).

The Court of Claims has exclusive jurisdiction over all claims against the State of Illinois for tort damages. 705 ILCS 505/8(d) (2014); *Richman v. Sheahan*, 270 F.3d 430, 441 (7th Cir. 2001); *White v. City of Chicago*, 369 Ill. App. 3d 765, 779 (1st Dist. 2007) (holding that the Illinois Court of Claims had exclusive subject matter jurisdiction over state law tort claims against the State's Attorney and an Assistant State's Attorney based upon their decision to go forward with a criminal prosecution). Though state officials may be personally liable for violations of a plaintiff's rights, immunity bars the action if the claim is against the State of Illinois itself. *Healy v. Vaupel*, 133 Ill. 2d 295, 308, (1990). Whether an action is against the State hinges on the issues involved and the relief sought. *Jinkins v. Lee*, 209 Ill. 2d 320, 330 (2004).

Plaintiffs' state law claims against the SAO Defendants are really claims against state officials for performing their function as prosecutors, a function that falls within the scope of their employment. The Seventh Circuit has recognized that:

> An agent's conduct will be attributed to the state for purposes of sovereign immunity if: "(1) [there are] no allegations that an agent or employee of the State acted beyond the scope of his authority through wrongful acts; (2) the duty alleged to have been breached was not owed to the public generally independent of the fact of State employment; and (3)…the complained-of actions involve matters ordinarily within that employee's normal and official functions of the State."

*Richman v. Sheahan*, 270 F.3d 430, 441 (7th Cir. 2001) *citing Healy v. Vaupel*, 133 Ill. 2d 295, 549 N.E.2d 1240, 1247 (1990). In *Richman*, the Seventh Circuit stated that deputy sheriffs executing orders of the court are state officials for purposes of sovereign immunity and held that the Illinois Court of Claims had exclusive jurisdiction over state law wrongful death and survival claims against several deputy sheriffs charged with using excessive force while restraining the plaintiff's son. *See also Sneed v. Howell*, 306 Ill. App. 3d 1149, 716 N.E.2d 336 (5th Dist. 1999)

(holding that the Illinois Court of Claims had exclusive jurisdiction over state law tort claims against the Jefferson County State's Attorney for deciding not to bring criminal charges in a case.)

In this case, Plaintiff's claims against the SAO Defendants are related to actions that fall squarely within their duties as state actors. The thrust of Plaintiff's claims are that the SAO Defendants decided not to charge or prosecute defendant Vanecko and made false statements to the press. Certainly, the decision to charge or prosecute a case, as discussed previously, falls clearly (and exclusively) within the duty of the State's Attorney. Similarly, providing information to the public concerning the decision not to charge or prosecute a particular case is also a function of the State's Attorney as no other official or state actor would be in a position to do so. Accordingly, Plaintiff's state law claims are barred by sovereign immunity and must be dismissed with prejudice for lack of subject matter jurisdiction.

## CONCLUSION

WHEREFORE, Cook County and the SAO Defendants move to dismiss Plaintiff's Complaint with prejudice pursuant to Rules 12 (b)(1) and Rule 12 (b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

ANITA ALVAREZ
State's Attorney of Cook County

By:    *s/Lisa M. Meador*
   Lisa M. Meador
   Daniel F. Gallagher
   Donald J. Pechous
   Thomas E. Nowinski
   Michael J. Pasquinelli
   Assistant State's Attorneys
   500 Richard J. Daley Center
   Chicago, Illinois 60602

15