**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

NANCI KOSCHMAN, individually, and on behalf )
of the Estate of David Koschman, )
                                   )
           Plaintiff, )       14 C 2041
                                     )
         v. )       Judge Pallmeyer
                                     )
The CITY OF CHICAGO, et al., )
                                     )
           Defendants. )

## CITY DEFENDANTS' MOTION TO DISMISS

Andrew Hale
Amy Hijjawi
Avi Kamionski
Shneur Nathan
HALE LAW LLC
53 West Jackson Street, Suite 330
Chicago, IL 60604
(312) 341-9646
*Attorneys for Defendants Michael Chasen,
Robert Clemens, Anthony Giralamo, Rita
O'Leary, Richard Rybicki, and Ronald
Yawger*

Steven Blair Borkan
Timothy Scahill
Misha Itchhaporia
Graham P. Miller
Whitney Newton Hutchinson
BORKAN & SCAHILL, LTD
20 South Clark Street, Suite 1700
Chicago, IL 60606
(312) 580-1030
*Attorneys for Defendants Dean Andrews,
Maureen Biggane, Tom Byrne, Sam Cirone,
Phil Cline, Richard Downs, Thomas
Flaherty, James Gilger, Steven Peterson,
Gary Yamashiroya, Joseph Salemme, and
Nick Spanos*

Brian P. Gainer
Ann E. Zipfel
Rory L. Margulis
JOHNSON & BELL, LTD.
33 West Monroe Street, Suite 2700
Chicago, IL 60603
(312) 372-0770
*Attorneys for Defendant Denis Walsh*

Vincent J. Connelly
Frank M. Dickerson
Ryan W. Fuoss
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
*Attorneys for Defendants City of Chicago,
Ernest Brown, and Jody Weis*

George John Yamin, Jr.
Jonathan Clark Green
Christopher A. Wallace
Victoria Rose Benson
CHICAGO CORPORATION COUNSEL
30 North LaSalle Street
Chicago, IL 60602
(312) 744-0454
*Attorneys for Defendants City of Chicago,
Ernest Brown, and Jody Weis*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................1

LEGAL STANDARD ............................................................................................2

ARGUMENT .........................................................................................................3

I.     Plaintiff's Claims Are Barred By The Statute Of Limitations ............................3

     A.     Plaintiff's Denial Of Access Claim Accrued On May 6, 2006 And Became Time-Barred On May 6, 2008 ......................................................3

     B.     Plaintiff's Filing Of The Petition To Appoint A Special Prosecutor Establishes That She Had Discovered Sufficient Information To Bring Her Claims By December 14, 2011, Thus Her Claim Was Time Barred On December 14, 2013 ......................................................9

     C.     Plaintiff's Claims For Intentional Infliction Of Emotional Distress And Conspiracy To Inflict Severe Emotional Distress Are Likewise Time-Barred ...............................................................................12

II.     Plaintiff Fails To State A Claim On Which Relief Can Be Granted ................13

     A.     Plaintiff's Complaint Fails To State A Claim For Denial Of Access .................13

     B.     Plaintiff's Complaint Fails To State A Claim Against The City Of Chicago Under Monell ...............................................................................16

     C.     Plaintiff's Complaint Fails To State A Claim Of Conspiracy ............................17

III.     The City Cannot Be Liable To Plaintiff For State Law Claims For Which Individual Defendants Are Not Liable ..............................................................18

IV.     Jody Weis Should Be Dismissed As A Defendant ..........................................19

V.     In The Alternative, Claims Against The Individual Defendants Are Barred By Qualified Immunity ...................................................................................19

CONCLUSION ...................................................................................................21

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Andrews v. Burge,*
    660 F. Supp. 2d 868 (N.D. Ill. 2009) ................................................................ 17, 18

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) .......................................................................... 2, 17, 18

*Bell v. City of Milwaukee,*
    746 F.2d 1205 (7th Cir. 1984) ............................................................... 15, 21

*Bridewell v. Eberle,*
    730 F.3d 672 (7th Cir. 2013) ........................................................................ 13

*Brooks v. Ross,*
    578 F.3d 574 (7th Cir.2009) ......................................................................... 13

*Brown v. Chicago Bd. of Educ.,*
    973 F. Supp. 2d 870 (N.D. Ill. 2013) ............................................................. 19

*Cada v. Baxter Healthcare Corp.,*
    920 F.2d 446 (7th Cir. 1990) .......................................................................... 4

*Caine v. Burge,*
    No. 11 C 8996, 2012 WL 2458640 (N.D. Ill. June 27, 2012) ......................... 4, 5, 6

*Cancer Foundation, Inc. v. Cerberus Capital Management, LP,*
    559 F.3d 671 (7th Cir. 2009) .......................................................................... 3

*Cannon v. Burge,*
    No. 12-1529 (7th Cir. May 27, 2014) ............................................................. 15

*Carey v. Kerr-McGee Chemical Corp.,*
    999 F.Supp. 1109 (N.D. Ill. 1998) .................................................................. 7

*Chasensky v. Walker,*
    740 F.3d 1088 (7th Cir. 2014) ....................................................................... 20

*Christopher v. Harbury,*
    536 U.S. 403 (2002) ..................................................................................... 13

*City of Los Angeles v. Heller,*
    475 U.S. 796 (1986) ..................................................................................... 16

# TABLE OF AUTHORITIES
(continued)

Page

*Devbrow v. Kalu,*
    705 F.3d 765 (7th Cir. 2013) .......................................................................... 5, 6, 11

*Diaz v. Shallbetter,*
    984 F.2d 850 (7th Cir.1993) .................................................................................. 5

*Ennenga v. Starns,*
    677 F.3d 766 (7th Cir. 2012) ................................................................................ 3

*Evans v. City of Chicago,*
    434 F.3d 916 (7th Cir.2006) ................................................................................ 12

*Facebook, Inc. v. Teachbook.com LLC,*
    819 F.Supp.2d 764 (N.D. Ill. 2011) ................................................................... 1, 2

*Fayoade v. Spratte,*
    284 F. App'x. 345 (7th Cir. 2008) ....................................................................... 6

*General Elec. Capital Corp. v. Lease Resolution eCorp.,*
    128 F.3d 1074 (7th Cir. 1997) .............................................................................. 2

*Golla v. General Motors Corp.,*
    167 Ill.2d 353 (Ill. 1995) ...................................................................................... 5

*Harlow v. Fitzgerald,*
    457 U.S. 800 (1982) ............................................................................................. 19

*Heard v. Shehan,*
    253 F.3d 316 (7th Cir. 2001) ................................................................................ 5

*Hileman v. Maze,*
    367 F.3d 694 (7th Cir. 2004) ................................................................................ 6

*Hobbs v. Cappelluti,*
    899 F. Supp.2d 738 (N.D. Ill. 2012) .................................................................... 4

*Humphries v. Milwaukee County,*
    702 F.3d 1003 (7th Cir. 2012) .............................................................................. 20

*Hyung Seok Koh v. Graf,*
    No. 11–cv–02605, 2013 WL 5348326 (N.D. Ill. Sept. 24, 2013) .......................... 13

*In re Vioxx Products Liability Litigation,*
    522 F.Supp.2d 799 (E.D. La. 2007) .................................................................... 8

**TABLE OF AUTHORITIES**
(continued)

**Page**

*Indeck North American Power Fund, L.P. v. Norweb PLC*,
    316 Ill. App. 3d 415 (1st Dist. 2000) ....................................................... 18

*Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*,
    12 F. Supp.2d 1035 (C.D. Cal. 1998) ........................................................ 7

*Jungels v. Pierce*,
    825 F.2d 1127 (7th Cir. 1987) ................................................................. 19

*Kadlec v. Sumner*,
    2013 IL App (1st) 122802 (1st Dist. 2013) .............................................. 10

*Kennedy v. Shoenberg, Fisher & Newman, Ltd.*,
    140 F.3d 716 (7th Cir. 1998) ................................................................... 13

*Kovacs v. United States*,
    614 F.3d 666 (7th Cir. 2010) ................................................................ 6, 11

*Limestone Development Corp. v. Village of Lemont, Ill.*,
    520 F.3d 797 (7th Cir. 2008) ..................................................................... 5

*Lowe v. Ford Motor Co.*,
    313 Ill. App.3d 418 (1st Dist. 2000) .......................................................... 5

*Massey v. United States*,
    312 F.3d 272 (7th Cir. 2002) ................................................................ 6, 11

*May v. Sheahan*,
    226 F.3d 876 (7th Cir. 2000) ................................................................... 14

*McClure v. Owens Corning Fiberglas Corp.*,
    188 Ill.2d 103 (1999) ............................................................................... 17

*McGreal v. Vill. of Orland Park*,
    12 C 5135, 2013 WL 3984477 (N.D. Ill. Aug. 2, 2013) .......................... 19

*Meyers v. National R.R. Passenger Corp.*,
    648 F.Supp.2d 1032 (N.D. Ill. 2009) ......................................................... 6

*Orange v. Burge*,
    451 F. Supp. 2d 957 (N.D. Ill. 2006) ................................................. 14, 20

*Richman v. Sheahan*,
    270 F.3d 430 (7th Cir.2001) .................................................................... 19

**TABLE OF AUTHORITIES**
(continued)

**Page**

*Savory v. Lyons,*
　　469 F.3d 667 (7th Cir. 2006) ........................................................................... 5, 6

*Sharratt v. Murtha,*
　　Civil No. 3:2008–229, 2010 WL 1212563 (W.D.Pa. Mar. 26, 2010) ...................... 8

*Siegel v. Shell Oil Co.,*
　　656 F. Supp.2d 825 (N.D. Ill. 2009) aff'd, 612 F.3d 932 (7th Cir. 2010) ............. 18

*Small v. Chao,*
　　398 F.3d 894 (7th Cir. 2005) .............................................................................. 3

*Snyder v. Nelson,*
　　380 F.3d 279 (7th Cir. 2004) ........................................................................... 14

*Specht v. Google, Inc.,*
　　758 F. Supp.2d 570 (N.D. Ill. 2010), *aff'd* 747 F.3d 929 (7th Cir. 2010) ............. 7

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,*
　　551 U.S. 308 (2007) .......................................................................................... 1

*Thomas v. Farley,*
　　31 F.3d 557 (7th Cir. 1994) ............................................................................... 3

*Thompson v. Boggs,*
　　33 F.3d 847 (7th Cir. 1994) ............................................................................. 16

*U. S. Dept. of Labor v. Old Ben Coal Co.,*
　　676 F.2d 259 (7th Cir. 1982) ............................................................................. 6

*United Klans of Am. v. McGovern,*
　　621 F.2d 152 (5th Cir.1980) .............................................................................. 7

*United States v. Midwest Generation, LLC,*
　　720 F.3d 644 (7th Cir.2013) ............................................................................ 13

*Vasquez v. Hernandez,*
　　60 F.3d 325 (7th Cir.1995) ............................................................... 6, 14, 16, 20

*Volkman v. Ryker,*
　　736 F.3d 1084 (7th Cir. 2013) ......................................................................... 19

*Wallace v. Kato,*
　　549 U.S. 348 (2007) ..................................................................................... 4, 5

**TABLE OF AUTHORITIES**
(continued)

Page

*Woodlock v. Hull*,
96 C 6297, 1997 WL 269629 (N.D. Ill. May 14, 1997) ........................................................ 19

**STATUTES**

735 ILCS 5/13-202 ............................................................................................................ 4

740 ILCS 180/1 ............................................................................................................... 14

745 ILCS 10/2-109 ....................................................................................................... 18, 19

745 ILCS 10/8–1 ............................................................................................................. 12

42 U.S.C. § 1983 ......................................................................................................... 2, 4, 5, 6

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8(a)(2) ....................................................................................................... 2

Fed. R. Civ. P. 8(c) ........................................................................................................... 3

Fed. R. Civ. P. 12(b)(6) ............................................................................................. 1, 3, 12, 13

Defendants City of Chicago, Ronald Yawger, Rita O'Leary, James Gilger, Nick Spanos, Robert Clemens, Anthony Giralamo, Phil Cline, Steven Peterson, Ernest Brown, Tom Byrne, Dean Andrews, Gary Yamashiroya, Joseph Salemme, Michael Chasen, Denis Walsh, Richard Rybicki, Sam Cirone, Thomas Flaherty, Richard Downs, Maureen Biggane, and Jody Weis (collectively "City Defendants"), through counsel, move this Court, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss with prejudice all claims against them, and in support state as follows:

## INTRODUCTION

On April 25, 2004, Defendant Richard Vanecko punched Daniel Koschman ("Koschman")—son of Plaintiff Nanci Koschman ("Plaintiff")—in an altercation. Compl. ¶ 32. On May 6, 2004, Koschman died as a result of his injuries. Compl. ¶ 53. On May 8, 2004, Koschman's death was ruled a homicide. Compl. ¶ 54. Vanecko was not charged by police in 2004. On December 14, 2011, Plaintiff filed a Petition to Appoint a Special Prosecutor in the Matter of the Death of David Koschman in the Circuit Court of Cook County (the "Petition"), attached hereto as Exhibit A. As a result of the Petition, Dan K. Webb was appointed as a special prosecutor. Webb issued a report entitled *Death of David Koschman: Report of Special Prosecutor Dan K. Webb* on September 18, 2013 (the "Webb Report"), attached hereto as Exhibit B.[1]

---

[1]     While in general, consideration of matters outside the pleadings is improper without conversion of a 12(b)(6) motion into a motion for summary judgment, documents that a defendant attaches to a motion to dismiss may be considered if such documents are incorporated into the complaint by reference or are matters of which a court may take judicial notice and are central to the plaintiff's claim. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007).

A court may take judicial notice of a prior court record in a ruling on a motion to dismiss if its application to the current proceeding is beyond reasonable dispute and is either generally known within the territorial jurisdiction of the trial court, or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *Facebook, Inc. v. Teachbook.com LLC,* 819 F.Supp.2d 764, 771 (N.D. Ill. 2011). "Matters of public record, such as the contents of court records, can fall within this narrow category of judicially noticeable facts," if the "application of the previous finding

Plaintiff filed her Complaint on March 24, 2014. In her Complaint, Plaintiff alleges that beginning on April 25, 2004, more than two dozen individuals in the Chicago Police Department, Cook County State's Attorney's Office, and Chicago municipal government participated in a "cover up" designed to protect Vanecko from prosecution. In pertinent part, Plaintiff avers that the City Defendants, at various times in 2004 and 2011, falsely asserted that Plaintiff's son was the "aggressor" during the altercation with Defendant Vanecko and that Defendant Vanecko had acted in "self-defense" during this altercation. Compl. ¶¶ 59-68, 80, 94-106, 140, 144, Ct. I ¶ 147. As a consequence of these alleged false assertions, Plaintiff claims, pursuant to 42 U.S.C. § 1983, that she was denied access to the federal courts in violation of the Fourteenth Amendment. Plaintiff also raises state law claims of intentional infliction of emotional distress ("IIED") and conspiracy. Because Plaintiff's allegations reveal that her claims are barred by the statute of limitations, and because Plaintiff's allegations fail to state a claim for which relief may be granted, Plaintiff's Complaint must be dismissed.

## LEGAL STANDARD

To satisfy Rule 8(a)(2), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Although the statute of limitations is ordinarily an

---

to [the] latter proceeding [is] beyond a reasonable dispute." *Id.*, quoting *General Elec. Capital Corp. v. Lease Resolution eCorp.*, 128 F.3d 1074, 1083 (7th Cir. 1997).

Here, this Court may take judicial notice of both the Petition (Ex. A) and the Webb Report (Ex. B). The former was filed with the Circuit Court of Cook County, Criminal Division, Case No. 2011 Misc. 46. The latter was prepared pursuant to the order of Judge Michael P. Toomin, the presiding judge in the criminal proceedings regarding Vanecko (*People v. Vanecko*), and filed as part of those proceedings. Accordingly, both documents are prior court records whose application to the current proceeding is beyond reasonable dispute, and hence are matters of public record that may be considered by this Court in ruling on Defendants' Motion to Dismiss. In addition, Plaintiff not only makes reference to the Webb Report, she alleges she prepared the complaint using information revealed in the Webb Report. Compl. at ¶ 139. The Webb Report, therefore, is central to her Complaint, and may be considered by this Court for that reason as well.

affirmative defense that must be pleaded under Fed. R. Civ. P. 8(c), a district court may dismiss under Rule 12(b)(6) something that is indisputably time barred." *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005); *see also Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012) ("[A] motion to dismiss on statute of limitations grounds qualifies as a motion to dismiss for failure to state a claim."). "[D]ismissal is appropriate" where, as here, "the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness." *Cancer Foundation, Inc. v. Cerberus Capital Management, LP*, 559 F.3d 671, 674-75 (7th Cir. 2009); *see also Thomas v. Farley*, 31 F.3d 557, 558-59 (7th Cir. 1994) (Where "a plaintiff … plead[s] particulars, and they show that he has no claim, then he is out of luck—he has pleaded himself out of court.").

## ARGUMENT

### I. Plaintiff's Claims Are Barred By The Statute Of Limitations

All of Plaintiff's claims against the City Defendants are time-barred and have been for nearly six years. Even if this Court were inclined to take the most liberal reading on the law of accrual in the Seventh Circuit, there can be no non-frivolous argument in opposition to the fact that Plaintiff's claims had accrued, at the very latest, by December 2011 when she filed the Petition, which made substantively identical allegations to her complaint. Accordingly, for the reasons set forth below, Plaintiff's claims against the City Defendants must be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

### A. Plaintiff's Denial Of Access Claim Accrued On May 6, 2006 And Became Time-Barred On May 6, 2008.

Count I asserts a claim for Deprivation of Right of Access to the Courts. Compl. Ct. I. As set forth above, the crux of this claim is that the City Defendants deprived "Plaintiff's right of access to the courts, in violation of Plaintiff's rights under the First, Fifth, and Fourteenth Amendments" by "manufacturing, altering, suppressing and otherwise fabricating false and

3

misleading evidence that portrayed David Koschman as the aggressor [. . . .]" in the April 2004 altercation between Defendant Vanecko and Plaintiff's decedent. Compl. ¶¶147-148. To this end, Plaintiff claims that the City Defendants allegedly deprived Plaintiff the opportunity to bring a timely wrongful death suit against Defendant Vanecko for the death of her son. Compl. ¶¶ 144, 145. Plaintiff, of course, is currently pursuing exactly such claim against Defendant Vanecko in the present suit. Compl. Cts. III-IV. However, Plaintiff avers that "[s]hould the Court conclude that Plaintiff's claims against Defendant Vanecko in Counts III and IV of this Complaint are time-barred, then, as a direct and proximate result of the violations of the defendants named in this Count, Plaintiff's right of access to the courts for the purpose of seeking redress against Vanecko and others has been denied and deprived." Compl. ¶ 149. Because any claim for Denial of Access accrued on May 6, 2006, the statute of limitations for this claim expired on May 6, 2008. Accordingly, this claim is nearly six (6) years untimely.

State law determines the limitations period for a suit arising under § 1983. *Caine v. Burge*, No. 11 C 8996, 2012 WL 2458640, at *7 (N.D. Ill. June 27, 2012). The statue of limitations for § 1983 actions filed in Illinois is two years as provided for in 735 Ill. Comp. Stat. 5/13-202. *Id.* However, while state law determines the limitations period, "federal law controls when the claim accrues." *Id. citing Wallace v. Kato*, 549 U.S. 348, 388 (2007) ("While we have never stated so expressly, the accrual date of a § 1983 action is a question of federal law that is *not* resolved by reference to state law").

A claim's "[a]ccrual is the date on which the statute of limitations begins to run." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir. 1990); *Hobbs v. Cappelluti*, 899 F. Supp.2d 738, 755 (N.D. Ill. 2012). "Under federal law, a § 1983 claim accrues 'when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and

obtain relief.'" *Caine*, 2012 WL 2458640, at *7 *quoting Wallace*, 549 U.S. at 388; *see also Diaz v. Shallbetter*, 984 F.2d 850, 855 (7th Cir.1993) ("[E]very constitutional tort actionable under § 1983 is treated as a personal injury, with the claim accruing when the injury is inflicted.").

The Seventh Circuit applies a two-part analysis to determine when a Section 1983 claim has accrued as follows: "First, a court must identify the injury. Next, it must determine the date on which the plaintiff could have sued for that injury. That is the date that the plaintiff knew or should have known that his constitutional rights had been violated." *Savory v. Lyons,* 469 F.3d 667, 672 (7th Cir. 2006). Stated another way, "'[t]he cause of action accrues at ... the date of the last *injury*.' " *Devbrow v. Kalu*, 705 F.3d 765, 770 (7th Cir. 2013) quoting *Heard v. Shehan*, 253 F.3d 316, 319 (7th Cir. 2001). In this regard, "[t]he statute of limitations begins to run upon injury (or, as is standardly the case with federal claims, upon discovery of the injury) and is not tolled by subsequent injuries." *Limestone Development Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 801-02 (7th Cir. 2008).

In the present case, as noted above, the entirety of Plaintiff's Denial of Access claim is premised upon the alleged loss of the right to file an action against Defendant Vanecko for the death of her son. *See* Compl. ¶ 149. However, under well-established Illinois law, any such claim against Defendant Vanecko accrued immediately upon Koschman's death on May 6, 2004. *See, e.g.*, *Lowe v. Ford Motor Co.*, 313 Ill. App.3d 418, 420-21 (1st Dist. 2000) (finding that "a traumatic event alone puts a person on notice of a reasonable possibility that his injury was wrongfully caused," even in cases where other issues relating to the "cause of action" may have been "concealed."); *see also Golla v. General Motors Corp.*, 167 Ill.2d 353, 361 (Ill. 1995).

In this regard, any claim that the City Defendants' actions caused Plaintiff to suffer a denial of access would have accrued on May 6, 2006—the day on which the statute of limitations

against Defendant Vanecko would have otherwise expired. *See, e.g.*, *Caine*, 2012 WL 2458640, at *7 (claim accrues when plaintiff could have first brought suit); *see also Vasquez v. Hernandez*, 60 F.3d 325, 329 (7th Cir.1995) (plaintiff cannot bring denial of access claim without establishing loss of underlying right); *U. S. Dept. of Labor v. Old Ben Coal Co.*, 676 F.2d 259, 261 (7th Cir. 1982) ("A statute of limitations cannot begin to run until there is a right to bring an action."). Thus, given the two-year statute of limitations of Section 1983 claims and the application of the two part test employed by the Seventh Circuit, Plaintiff would have had until May 6, 2008 in which to file her claim for denial of access against the City Defendants. *Savory*, 469 F.3d at 672; *Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004). However, Plaintiff did not file the present claim until March 24, 2014, making this claim nearly six years too late.

In an attempt to avoid dismissal on limitations grounds, Plaintiff claims that she did not have a "sufficient factual basis" to file suit against Defendant Vanecko until the indictment of Defendant Vanecko in December 2012 and the release of the Webb Report in February 2014. Compl. ¶¶ 138-39. This is not the appropriate legal standard to apply. The statute of limitations is not forestalled until such time as Plaintiff discovers that the individual "who caused the injury was legally blameworthy." *See Massey v. United States*, 312 F.3d 272, 276 (7th Cir. 2002). More importantly, federal law also does not require *actual knowledge* of the full extent of an alleged injury to trigger the running of a statute of limitations (*see Devbrow v. Kalu*, 705 F.3d 765, 768 (7th Cir. 2013)) but, rather, the statute is triggered when information exists "'that would lead a reasonable person *to investigate the possibility* that his legal rights had been infringed.'" *Kovacs v. United States*, 614 F.3d 666, 674 (7th Cir. 2010) (emphasis added) (quoting *Fayoade v. Spratte*, 284 F. App'x. 345, 347 (7th Cir. 2008)). This is an objective standard. *Meyers v. National R.R. Passenger Corp.*, 648 F.Supp.2d 1032, 1038 (N.D. Ill. 2009).

In the present case, Plaintiff knew that her son had been involved in a violent confrontation with Defendant Vanecko resulting in the death of her son and knew the identity of such person as of May 2004. Compl. ¶¶ 78-80. It is similarly undisputed that Defendant Vanecko's role and the possible role of "clout" in the failure to charge him was widely suggested as early as May 2004 by both newspapers of record in Chicago, the *Chicago Tribune* and *Chicago Sun-Times*. *See*, *e.g.*, Jeff Cohen and Carlos Sadovi, *Daley nephew at fatal fight scene*, CHICAGO TRIBUNE, May 22, 2004, § C at 18 (noting that "[w]itnesses told investigators that Richard Vanecko … was among a group of men who got into a tussle with Koschman and his friends") (attached as Ex. C); Frank Main and Fran Spielman, *Mayor's Nephew Quizzed In Fatal Fight*, CHICAGO SUN-TIMES, May 22, 2004 (identifying Vanecko as "among those questioned by Chicago Police about a fight outside a Near North bar that led to the death of a suburban man") (attached as Ex. D); Fran Spielman, *No charges in fatal fight involving Daley's nephew*, CHICAGO SUN-TIMES, May 26, 2004, at 8 (suggesting that "politics may have played a role in the decision not to file criminal charges" against Vanecko) (attached as Ex. E).[2]

Under these circumstances alone, Plaintiff was certainly chargeable with a duty to at least investigate the possibility that her rights had been infringed. *See Carey v. Kerr-McGee Chemical Corp.*, 999 F.Supp. 1109, 1116-17 (N.D. Ill. 1998) (holding claim time-barred despite denial of actual knowledge of basis of claim because "the pervasive media coverage and publicity surrounding the issue ... leads the court to the inescapable conclusion that a reasonable person in their situation should have known of their claim."); *see also United Klans of Am. v. McGovern*,

---

[2]     The Court may take "judicial notice of the existence of these newspaper articles, not of the facts contained therein." *Specht v. Google, Inc.*, 758 F. Supp.2d 570, 586 (N.D. Ill. 2010), *aff'd* 747 F.3d 929 (7th Cir. 2010); *see also Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp.2d 1035, 1042 (C.D. Cal. 1998) (taking judicial notice of facts "concern[ing] publication of various television programs and newspapers"). The relevant issue in this case is that newspaper articles indicating Vanecko's involvement in the incident were published in 2004.

621 F.2d 152, 154 (5th Cir.1980) ("Where events receive...widespread publicity, plaintiffs may be charged with knowledge of their occurrence."); *Sharratt v. Murtha*, Civil No. 3:2008–229, 2010 WL 1212563, at *5 (W.D.Pa. Mar. 26, 2010) ("As these statements were disseminated by the mainstream media, Sharratt knew, or should have known he was harmed almost immediately."); *In re Vioxx Products Liability Litigation*, 522 F.Supp.2d 799, 814 (E.D. La. 2007) (applying Illinois law and concluding that, "in light of the widespread media coverage in this case," "[b]y waiting until January 10, 2007 to file suit, more than two years after the withdrawal of Vioxx from the market, the plaintiff cannot be said to have acted diligently.").

Indeed, beyond the suggestions contained in the 2004 media coverage, Plaintiff (either personally, through her already-retained attorney, or through some other retained intermediary) could have easily interviewed many of the same individuals that the police interviewed with respect to what occurred on April 25, 2004 and, assuming the facts were as Plaintiff claims, obtained all of the relevant facts necessary to file suit. In fact, Plaintiff could have obtained information regarding Defendant Vanecko's role as the alleged "aggressor" by simply asking her son's friends what had occurred that evening. In this regard, Plaintiff admits that her son was accompanied by no less than three friends (Scott Allen, James Copeland, and David Francis) at the time of the altercation who witnessed what actually occurred. Compl. ¶¶ 32-39, 59-61, 95-99. Plaintiff also could have sought to interview any of several "independent bystanders" regarding what had occurred. *Id.* According to Plaintiff, each one of these individuals tended to refute the information that Plaintiff had allegedly been provided by the City Defendants. *Id.* Moreover, Plaintiff retained counsel as early as May 2004, when she met with Defendant Yawger with her attorney present. Compl. ¶ 80, Webb Report at 71. It is unclear whether Plaintiff or her attorneys conducted any interviews. However, such fact is entirely irrelevant. The running of the statute of

8

limitations is an objective standard that focuses on whether a reasonable person would have investigated the possibility of a legal injury. A reasonable person under the circumstances would at least have sought to speak to her son's friends and other "independent" witnesses regarding something as serious as a death.

Given the violent nature of the altercation at issue, the media coverage thereof, and Plaintiff's ready access to the pertinent information regarding what occurred in April 2004, Plaintiff was, at minimum, put on constructive notice of her injury and was required to institute a suit by May 2008. Plaintiff waited until March 2014, rendering her claims nearly six (6) years untimely.

> **B.  Plaintiff's Filing Of The Petition To Appoint A Special Prosecutor Establishes That She Had Discovered Sufficient Information To Bring Her Claims By December 14, 2011, Thus Her Claim Was Time Barred On December 14, 2013.**

Even were Plaintiff's claims somehow deemed to have survived beyond 2008, there can be no question that Plaintiff's claim for Denial of Access had certainly accrued by December 2011. In fact, it is difficult to imagine a more clear cut and indisputable instance of a claim accrual than that presented in this case. Again, the sole basis of Plaintiff's Denial of Access claim appears to be that the City Defendants "fabricated" the fact that Plaintiff's son (rather than Defendant Vanecko) was the "aggressor" during the April 2004 physical altercation and "covered up" evidence to the contrary. Compl. ¶¶ 59-68, 80, 94-106, 140, 144, Ct. I ¶ 147. However, it is not only undisputed that these alleged "facts" were known to Plaintiff well prior to the expiration of the applicable statute of limitations, but such actual and constructive knowledge is a matter of (well-publicized) public record.

In this regard, Plaintiff admits that "[i]n December 2011," she "petitioned the Circuit Court of Cook County to appoint a Special Prosecutor to investigate David Koschman's

homicide and a possible cover-up by the CPD and the SAO." Compl. ¶ 130. The Petition was filed on behalf of Plaintiff by her attorneys of record in the present matter, to wit, Locke E. Bowman and Alexa Van Brunt of the Roderick MacArthur Justice Center, Northwestern University School of Law, and G. Flint Taylor of the People's Law Office.[3] *See* Ex. A. The Petition alleges essentially the *same sequence of events* that forms the basis for Plaintiff's Complaint.

Specifically, Plaintiff alleged in December 2011 that:

• Plaintiff's decedent was "punched in the face" by defendant Vanecko on April 25, 2004, fellto the ground striking his head on the pavement and later died as a result on May 6, 2004. Ex. A at ¶ 1.

• Defendant Vanecko was the nephew of "then-Chicago Mayor Richard M. Daley." Ex. A at ¶ 1.

• "In late February 2011, after two months of investigation, the Police acknowledged for the first time that Vanecko was in fact the person who punched Koschman." Ex. A at ¶ 5.

• The Chicago Police thereafter investigated this incident in both 2004 and 2011. Ex. A at ¶¶ 2-5.

• In the course of such investigations, the Chicago Police "falsely identified" Plaintiff's son "as 'the Aggressor' in the Attack that Led to his Death." Ex. A at p. 6; ¶¶ 1-3, 16-19.

• "The Police statement that all interviewed witnesses identified Koschman as 'the aggressor' is false," that "[f]our witnesses (three of Koschman's friends and Michael Connolly, an independent bystander to the assault) have all stated publicly that the 2004 and 2011 police reports are false," that these witnesses "informed police that Koschman was *not* being physically aggressive and that Koschman was 'sucker punched,'" that they were willing "to take polygraph examinations to confirm their veracity," and that "there is probable cause to believe that the 2004 and 2011 police reports, which state that "all witnesses" identified Koschman as the aggressor, may have been deliberate falsehoods." Ex. A at ¶¶ 3, 18-19.

---

[3]      Plaintiff does not allege that she was somehow unaware of the facts contained in the Petition. Any such assertion would be irrelevant under Illinois law. *See Kadlec v. Sumner*, 2013 IL App (1st) 122802, ¶ 30 (1st Dist. 2013) (affirming granting of motion to dismiss on imputed knowledge of attorney to client; "[I]t is well-settled that 'notice to an attorney is notice to the client and knowledge of an attorney is knowledge of, or imputed to, the client, notwithstanding whether the attorney has actually communicated such knowledge to the client.'").

• "[T]he investigation of David Koschman's death was influenced by [Defendant] Vanecko's membership in the most powerful political family in Cook County." Ex. A at ¶ 7.

• "The Chicago Police and Cook County State's Attorney's investigation of the Koschman homicide in 2004 and the reinvestigation of the homicide earlier this year were plagued with inexplicable lapses, false official records, and procedural irregularities" and that "[t]hese irregularities suggest the possibility that ... officials in the Police Department and the State's Attorneys's Office may have been led by favoritism or other improper motives to obstruct the investigation so that Mayor Daley's nephew did not face criminal charges." Ex. A at ¶ 11.

While the general conclusions set forth above alone would be sufficient to constitute an unambiguous admission of sufficient knowledge upon which to institute a Denial of Access claim, Plaintiff goes on to detail in this December 2011 Petition many of the identical *evidentiary* allegations outlined in the present 2014 Complaint. *Compare* Compl. ¶¶ 32-129 *and* Ex. A at ¶¶ 1-6, 12-19, 20(a)-(h); 21-22. Indeed, every pertinent "fact" forming the basis for the present claim is set forth in over 20 pages of detail in December 2011. *Id.* However, after the filing of this 22 page admission of Plaintiff's actual knowledge of the alleged factual predicate for the present claim as of December 2011, Plaintiff sat on her putative rights for over two years.

The Petition unequivocally demonstrates actual and constructive knowledge of a potential claim. Again, the applicable standard is not actual knowledge of every single fact upon which to premise one's lawsuit but, rather, whether information exists "that would lead a reasonable person *to investigate the possibility* that his legal rights had been infringed." *Kovacs*, 614 F.3d at 674 (emphasis added); *see Devbrow*, 705 F.3d at 768; *Massey*, 312 F.3d at 276. As set forth above, this standard requires neither actual knowledge of an injury, nor knowledge of the full extent of any such injuries, nor knowledge that a defendant was "legally blameworthy." *Id.* However, even though not *required*, it appears that Plaintiff did, in fact, retain actual knowledge of her injury as well as the extent of such injury as of December 2011. Accordingly, Plaintiff's

11

claims for Denial of Access in Count I are barred by the statute of limitations and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### C. Plaintiff's Claims For Intentional Infliction Of Emotional Distress And Conspiracy To Inflict Severe Emotional Distress Are Likewise Time-Barred.

In addition to asserting a claim for Denial of Access, Plaintiff also asserts claims for "Intentional Infliction of Emotional Distress" ("IIED") and "Conspiracy to Inflict Severe Emotional Distress" against the City Defendants. *See* Compl. at Cts. VI-VII. These claims are based on the identical allegations supporting Plaintiff's Denial of Access claim, to wit, the City Defendants' alleged "cover up" of the role of Defendant Vanecko as the "aggressor" during the physical altercation with Plaintiff's son on April 25, 2004. *Id.*

Pursuant to the Illinois Local Government and Governmental Employees Tort Immunity Act, the limitations period for IIED-related claims is one year from the time the cause of action accrued. *See* 745 ILCS 10/8–1; *Evans v. City of Chicago*, 434 F.3d 916, 934 (7th Cir.2006) ("The limitations period for tort claims, such as intentional infliction of emotional distress, against governmental entities and their employees [ ] is only one year."). Plaintiff's IIED-related claims likely accrued even earlier than her Denial of Access claims insofar as these claims are not dependent upon the 2006 expiration of the statute of limitations against Defendant Vanecko. Indeed, Plaintiff alleges that her emotional distress was caused by the statement that her son was the aggressor in the physical altercation with Vanecko. Plaintiff alleges that these statements were made in May 2004. Compl. ¶ 80. Plaintiff's claims of emotional distress therefore accrued in May 2004. *See supra* Part I.A-I.B (setting forth law of accrual).

In this regard, insofar as Plaintiff can be heard to assert that the statute of limitations did not run because the City Defendants continued to maintain their positions on the subject of Plaintiff's son being the "aggressor" throughout the 2004 investigation, the 2011 re-investigation

and the investigation of the Special Prosecutor, the Seventh Circuit explicitly rejected such assertion as a valid basis to extend the statute of limitations just last year. *See Bridewell v. Eberle*, 730 F.3d 672, 678 (7th Cir. 2013) ("The idea that failing to reverse the ongoing effects of a tort restarts the period of limitations has no support in Illinois law—or in federal law either."); *see also United States v. Midwest Generation, LLC*, 720 F.3d 644, 648 (7th Cir.2013) ("enduring consequences of acts that precede the statute of limitations are not independently wrongful"); *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir.2009); *Hyung Seok Koh v. Graf*, No. 11–cv–02605, 2013 WL 5348326, at *6 (N.D. Ill. Sept. 24, 2013).

Accordingly, Counts VI and VII of Plaintiff's Complaint are time-barred and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).[4]

## II.    Plaintiff Fails To State A Claim On Which Relief Can Be Granted

Even if Plaintiff's claims are not time barred, Plaintiff also fails to state a claim on which relief can be granted for her claims.

### A.    Plaintiff's Complaint Fails To State A Claim For Denial Of Access.

When, as here, a plaintiff's denial of "access claim turns on a litigating ... opportunity already lost, the very point of recognizing any access claim is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong." *Christopher v. Harbury*, 536 U.S. 403, 414-15 (2002). To demonstrate denial of access, Plaintiff must show causation, specifically that state action hindered [her] efforts to pursue a nonfrivolous legal claim

---

[4]    If the Court dismisses the Denial of Access, it should decline to exercise supplemental jurisdiction over any remaining state law claims. "[T]he general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendant state law claims rather than resolving them on the merits." *Kennedy v. Shoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 727 (7th Cir. 1998).

and that consequently [she] suffered some actual concrete injury." *May v. Sheahan*, 226 F.3d 876, 883 (7th Cir. 2000).

Plaintiff claims that, but for an alleged cover up by the Defendants, she "would have filed a civil action … for battery and wrongful death against Vanecko." Compl. ¶ 144.[5] To prove this claim, Plaintiff must show that she was unable to pursue her claim as a consequence of the alleged cover up, "rather than as a result of [her] own failure to seek immediate redress" for her injuries in a wrongful death injury against Vanecko. *Snyder v. Nelson*, 380 F.3d 279, 301 (7th Cir. 2004) (Ripple J., Dissenting) (in fractured plurality opinion); *Id*. at 293 (Kanne, J., concurring) ("agree[ing] with … Judge Ripple['s]" approach to "right of access claims").

Whether a plaintiff was deprived of her right of access to the courts turns on whether she had access to the facts necessary to bring a meritorious, successful claim. A plaintiff's claim that a cover up hid relevant information only gives rise to a deprivation of access action where "police or other law enforcement officials cover up information that prevents a plaintiff from *discovering* his or her cause of action." *Orange v. Burge*, 451 F. Supp. 2d 957, 964 (N.D. Ill. 2006). Likewise, a cover up does not give rise to a deprivation of access claim if material facts regarding the incident are publicly revealed within months of its occurrence. *See Vasquez v. Hernandez*, 60 F.3d 325, 329 (7th Cir. 1995) (holding that plaintiffs were not deprived of access of the courts by a police cover-up when "the actual circumstances surrounding the shooting here were revealed publicly within six months of the incident").

---

[5]       Plaintiff further alleges that had the purported cover up "not occurred … Vanecko would have been charged with David Koshman's homicide and would either have … pled guilty or would have been convicted. Compl. ¶ 144. This is a speculative conclusion and does not provide the basis for a denial of access claim in any event. The fact that a guilty verdict would assist Plaintiff's case against Vanecko does not prove denial of access. A guilty verdict is not an element of a wrongful death claim in Illinois. *See* 740 ILCS 180/1 (elements of wrongful death action).

Plaintiff's theory is rooted in the Seventh Circuit's opinion in *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). In *Bell*, the Seventh Circuit held that the plaintiffs had been denied access to the courts when a police officer shot and killed an unarmed man, was the only witness to the shooting, and orchestrated a cover up. As a consequence, "[t]he facts surrounding the killing were in the sole province of members of the Milwaukee police department." *Id*. at 1262. However, in cases where information sufficient to file is available to the plaintiff despite a police cover up, the Seventh Circuit has consistently rejected denial of access claims. Recently, in *Cannon v. Burge*, No. 12-1529, (7th Cir. May 27, 2014), the Seventh Circuit rejected a denial of access claim where the necessary information was available to the plaintiff. The court distinguished Cannon's claim from that raised in *Bell*, noting that "Cannon's case … presented a typical he-said/they-said controversy; in Bell's case, only the officers' side of the story existed." *Id*., slip op. at 18. Here, it is undisputed that Plaintiff had access to her son's friends, who were witnesses to the altercation, as well as media reports detailing the presence of Vanecko at the scene. This case, like *Cannon*, is of the "he-said/they-said" variety. It was not a case where only "the officers' side of the story existed," because Plaintiff had access to witnesses who would dispute the officers' conclusions. According to *Cannon*, this distinction is dispositive of a denial to access claim.

Moreover, *Cannon* stressed the importance of the "biased" and "non-adversarial" inquest, which ruled that the shooting in *Bell* was justified, concluding that it "presented a significant road-block to the Bell family's civil suit." *Id*. at 40. By contrast, in this case the coroner ruled Koschman's death a homicide. Compl. ¶ 54. There was never an affirmative conclusion in a formal proceeding that Koschman's death was justified.

15

Finally, if Plaintiff's claims against Vanecko are timely, there is no basis for her denial of access claim against the City Defendants. As Plaintiff appears to admit, her constitutional claims against the City Defendants are contingent on her claims against Defendant Vanecko being rendered untimely, *see* Compl. ¶¶ 145, 149, and as the Seventh Circuit concluded in *Hernandez*, there is no basis for a denial of access claim absent "allegations claiming that the [plaintiff has] been prevented from pursuing a tort action in state court." 60 F.3d at 329.

As discussed in detail in Part I.A, *supra*, Plaintiff had all of the necessary information to bring an action against Vanecko in May 2004. Plaintiff's failure to do so is the cause of her injuries, not the purported cover up. Consequently, Plaintiff's Denial of Access claim must be dismissed.

## B.  Plaintiff's Complaint Fails To State A Claim Against The City Of Chicago Under *Monell*

Plaintiff's *Monell* claim is derivative of Count I, the only federal claim against the individual City Defendants. If the Court dismisses Count I, whether on limitations or substantive grounds, it must also dismiss Plaintiff's *Monell* claim. The first step Plaintiff must take in proving her *Monell* claim is to establish she suffered a constitutional injury. *See Thompson v. Boggs*, 33 F.3d 847, 859 (7th Cir. 1994) (holding that a "verdict in favor of [the defendant police officer] … precludes the possibility that [plaintiff] could prevail on his *Monell* claim."). Because Plaintiff's claim is time-barred, and because Plaintiff cannot prove that the individual City Defendants caused her to suffer a constitutional injury, she cannot succeed on her *Monell* claim. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) ("if [plaintiffs] are unsuccessful in their claims against the individual defendants, they will no longer have a cause of action against the city.")

## C.     Plaintiff's Complaint Fails To State A Claim Of Conspiracy

Count VII of Plaintiff's Complaint should be dismissed because Plaintiff has failed to sufficiently allege a claim of conspiracy. In order to properly bring such a claim, Plaintiff must allege that each Defendant "knowingly and voluntarily participate[d] in a common scheme to commit an unlawful act in an unlawful manner." *McClure v. Owens Corning Fiberglas Corp.*, 188 Ill.2d 103, 133 (1999). A complaint cannot simply provide labels, conclusions, and a formulaic recitation of the elements of a claim; the complaint must allow the court to draw the reasonable inference that the defendant is liable. *Iqbal*, 556 U.S. at 678.

According to Plaintiff, over the course of seven years, the City Defendants conspired to inflict emotional distress on Plaintiff. The conspiracy includes everyone from the detectives who did the initial investigation, to Jody Weis (who was not with the CPD until 2008), to Anita Alvarez (who was not elected State's Attorney until 2008), to the CPD Director of Legal Affairs, to Mayor Daley. Plaintiff also alleges that there are "non-defendant co-conspirators." Here, Plaintiff alleges a "catch-all" conspiracy claim where each and every defendant is alleged to have purposefully decided to enter into a conspiracy to cause emotional distress to Plaintiff by playing some part in the Koschman investigation, no matter how isolated or negligible.

In *Andrews v. Burge*, 660 F. Supp. 2d 868 (N.D. Ill. 2009), the court dismissed a similar conspiracy claim, stating as follows:

> Indiscriminately incorporating every paragraph of every count in other counts … can result, as it does here, in a complaint that does not tell some of the defendants why they are liable. The structure of this complaint is typical of the problems created by amorphous pleading. There are very specific allegations about what certain named police officers and a prosecutor did with respect to Andrews. The further up the chain of command the complaint goes, the more vague are the grounds for individual liability. It does not help to make equally general allegations that all defendants conspired with all other defendants and everything

17

> alleged against one is alleged against all. In a simpler case, a
> general conspiracy claim is adequate but not here.

*Id.* at 879-880.

Here, Plaintiff does nothing more than give the label "conspiracy" to a count containing vague general allegations that all of the Defendants conspired with one another, and in doing so fails to inform the City Defendants what it is that they allegedly did that would justify a finding of liability against them. Once again, a complaint cannot simply provide labels, conclusions, and a formulaic recitation of the elements of a claim; the complaint must allow the court to draw the reasonable inference that the defendant is liable. *Iqbal*, 556 U.S. at 678. Moreover, because Plaintiff's IIED claim is inactionable as set forth above (*see supra* Part I(C)), the claim for conspiracy relating to that claim must similarly be dismissed. *See Siegel v. Shell Oil Co.*, 656 F. Supp.2d 825, 836 (N.D. Ill. 2009) ("Under Illinois law, however, civil conspiracy is not an independent tort. Instead, there must be an independent cause of action underlying a plaintiff's conspiracy claim.") (internal citation omitted) aff'd, 612 F.3d 932 (7th Cir. 2010); *Indeck North American Power Fund, L.P. v. Norweb PLC*, 316 Ill. App. 3d 415, 432 (1st Dist. 2000) ("Where, as here, a plaintiff fails to state an independent cause of action underlying its conspiracy allegations, the claim for a conspiracy also fails"). Accordingly, Count VII should be dismissed.

### III. The City Cannot Be Liable To Plaintiff For State Law Claims For Which Individual Defendants Are Not Liable.

In Count VIII Plaintiff seeks to hold the City liable under the doctrine of *respondeat superior* for the state law torts alleged in Counts VI and VII. Under Illinois's Tort Immunity Act, the City is not liable to Plaintiff for any state law claims for which its employees are not liable to Plaintiff. 745 ILCS 10/2-109 ("A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable."). Thus, if this Court dismisses the City Defendants from Counts VI and VII, it also should dismiss the City from Count VIII.

*See Woodlock v. Hull*, 96 C 6297, 1997 WL 269629, at *6 (N.D. Ill. May 14, 1997) ("[Plaintiff] asserts a claim for intentional infliction of emotional distress against the City based on a theory of *respondeat superior....* Since we have dismissed [the relevant count], which alleged that [city employees] had committed the tort of intentional infliction of emotional distress against [plaintiff], we must dismiss this count as well.") (citing 745 ILCS 10/2-109).

## IV.    Jody Weis Should Be Dismissed As A Defendant.

Plaintiff is suing former CPD Superintendent Jody Weis "in his official capacity *only*." Compl. ¶ 18 (emphasis added). To the extent that claims are brought against Weis in his official capacity, they should be dismissed because such claims against individuals in their official capacities are suits against the municipality. *See Richman v. Sheahan,* 270 F.3d 430, 439 (7th Cir.2001) (a suit against an officer in his official capacity is a suit against the entity of which he is an agent); *McGreal v. Vill. of Orland Park*, 12 C 5135, 2013 WL 3984477, at *12 (N.D. Ill. Aug. 2, 2013) (dismissing claims against individual defendants where, "[b]ecause [the plaintiff] has named the Village as a defendant for his § 1983 claims, naming the individual defendants in their official capacities is superfluous."); *Brown v. Chicago Bd. of Educ.*, 973 F. Supp. 2d 870, 875 (N.D. Ill. 2013) ("When both a local governmental entity and an individual is sued in his official capacity, the suit against the officials is redundant and should be dismissed.") (citing *Jungels v. Pierce*, 825 F.2d 1127, 1129 (7th Cir. 1987)).

## V.    In The Alternative, Claims Against The Individual Defendants Are Barred By Qualified Immunity

Qualified immunity shields a government official from suit when the official is performing a discretionary function and his conduct does not violate clearly established rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Volkman v. Ryker*, 736 F.3d 1084, 1089-90 (7th Cir. 2013). "To be clearly established,

19

at the time of the challenged conduct, the right's contours must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right [and] … existing precedent must have placed the statutory or constitutional question beyond debate." *Chasensky v. Walker*, 740 F.3d 1088, 1094 (7th Cir. 2014), quoting *Humphries v. Milwaukee County*, 702 F.3d 1003, 1006 (7th Cir. 2012).

Plaintiff alleges that the Defendants "covered up defendant Richard J. Vanecko's criminal and civil culpability in the killing of David Koschman" and that they did this by, among other things, "portray[ing] David Koschman as the aggressor." Compl. at 147. Importantly, Plaintiff does not allege that the City Defendants ever portrayed her son as being the "physical" aggressor. Simply put, after speaking with the witnesses, the City Defendants characterized David Koschman as being the "aggressor" in the altercation. The City Defendants did not conceal any evidence from Plaintiff, as Plaintiff had access to numerous people who witnessed the altercation, including her son's three friends. Based on these facts, the City Defendants are entitled to qualified immunity regarding Plaintiff's denial of access to the courts claim. It was not clearly established, at the time of the challenged conduct, that the City Defendants would be violating a clearly established right when they provided Plaintiff with a "characterization" of the witnesses' statements when Plaintiff had access to those very same witnesses. As discussed earlier, an alleged cover up does not give rise to a denial of access claim if the evidence is equally available to the plaintiff. See *Hernandez*, 60 F.3d at 329 (no denial of access claim where circumstances surrounding the subject shooting were revealed publicly within six months of the incident); *Orange v. Burge*, 451 F. Supp.2d at 964 (deprivation of access only arises where "police or other law enforcement officials cover up information that prevents a plaintiff from *discovering* his or her cause of action"). This access to the evidence is what distinguishes this

20

case from *Bell*. Thus, based on the case law cited above, and based on the fact that Plaintiff had access to the witnesses to the altercation, the City Defendants' conduct did not violate any clearly established rights of which a reasonable person would have known.

## CONCLUSION

For the reasons explained above, Plaintiff's claims against the City Defendants should be dismissed with prejudice.

Respectfully submitted,

The City Defendants

/s/ Andrew Hale_____
Andrew Hale
Amy Hijjawi
Avi Kamionski
Shneur Nathan
HALE LAW LLC
53 West Jackson Street, Suite 330
Chicago, IL 60604
(312) 341-9646
Email: ahale@ahalelaw.com
*Attorneys for Defendants Michael Chasen,*
*Robert Clemens, Anthony Giralamo, Rita*
*O'Leary, Richard Rybicki, and Ronald*
*Yawger*


/s/ Timothy Scahill_____
Steven Blair Borkan
Timothy Scahill
Misha Itchhaporia
Graham P. Miller
Whitney Newton Hutchinson
BORKAN & SCAHILL, LTD
20 South Clark Street, Suite 1700
Chicago, IL 60606
(312) 580-1030
Email: tscahill@borkanscahill.com
*Attorneys for Defendants Dean Andrews,*
*Maureen Biggane, Tom Byrne, Sam Cirone,*
*Phil Cline, Richard Downs, Thomas*
*Flaherty, James Gilger, Steven Peterson,*
*Gary Yamashiroya, Joseph Salemme, and*
*Nick Spanos*

/s/ Brian P. Gainer_____
Brian P. Gainer
Ann E. Zipfel
Rory L. Margulis
JOHNSON & BELL, LTD.
33 West Monroe Street, Suite 2700
Chicago, IL 60603
(312) 372-0770
Email: gainer@jbltd.com
*Attorneys for Defendant Denis Walsh*


/s/ Vincent J. Connelly_____
Vincent J. Connelly
Frank M. Dickerson
Ryan W. Fuoss
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
Email: vconnelly@mayerbrown.com

George John Yamin, Jr.
Jonathan Clark Green
Christopher A. Wallace
Victoria Rose Benson
CHICAGO CORPORATION COUNSEL
30 North LaSalle Street
Chicago, IL 60602
(312) 744-0454
*Attorneys for Defendants City of Chicago,*
*Ernest Brown, and Jody Weis*

<u>**CERTIFICATE OF SERVICE**</u>

I, Vincent J. Connelly, an attorney, hereby certify that on June 3, 2014, I caused a true and correct copy of the foregoing **CITY DEFENDANTS' MOTION TO DISMISS** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system. Parties may access this filing through the court's CM/ECF System.

/s/ Vincent J. Connelly_____
Vincent J. Connelly
Mayer Brown LLP
71 South Wacker Drive
Chicago, Illinois  60606
Phone:  (312) 782-0600
Fax:  (312) 701-7711
E-mail:  vconnelly@mayerbrown.com
